UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| SPIRO SPYROPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>CHARLIE D. BAKER, IV, in his capacity as the Chief Executive Officer of the Commonwealth of Massachusetts; KAREN E. SPILKA, in her capacity as the President of the Senate of the Massachusetts General Court; ROBERT A. DeLEO, in his capacity as the Speaker of the House of Representatives of the Massachusetts General Court; MELANIE C. ERESIAN a/k/a MELANIE CARA ERESIAN; NORSCIT INVESTMENTS, LLC; ARA ERESIAN, JR.; and RY-CO INTERNATIONAL, LTD.,<br><br>Defendants. | Civil Action<br>No. 4:20-cv-40025-DHH |

**DEFENDANT, ARA ERESIAN, JR.'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO *GOVERNOR CHARLIE BAKER'S, SENATE PRESIDENT KAREN E. SPILKA'S AND HOUSE SPEAKER ROBERT A. DeLEO'S MOTION TO REMAND* TO STATE COURT**

COMES NOW, Defendant, Ara Eresian, Jr. (hereinafter "Co-Defendant" or "Eresian") and

hereby opposes *Governor Charlie Baker's, Senate President Karen E. Spilka's And House Speaker*

*Robert A. DeLeo's Motion To Remand* (hereinafter the "Remand Motion") to remand the within

captioned civil action to the Land Court Dept. of the Trial Court (hereinafter the "State Court") pursuant to the provisions of 28 U.S.C. § 1447(c).

The bases for remand proffered by the Defendants, Charlie Baker; Karen E. Spilka and Robert A. Deleo, (hereinafter together collectively, the "Commonwealth Defendants") are as follows, to wit:

First, the underlying civil action was removed from the State Court to this Court under 28 U.S.C. § 1441(c), and the so-called "Rule of Unanimity", by which defendants in a multi-party action must all consent [to removal], is applicable;

Second, because the State Court lacked jurisdiction over the Plaintiff's claims, this Court likewise lacks jurisdiction upon removal;

Third, as the State Court possessed subject-matter jurisdiction under the Massachusetts Declaratory Judgment Act, M.G.L.c. 231A, § 1, *et seq.*, and Rule 57 of the Massachusetts Rules of Civil Procedure, this Court cannot proceed under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;

Fourth, the Eleventh Amendment bars this Court from deciding the claims of the Plaintiff, Spiro Spyropoulos (hereinafter the "Plaintiff" or "Spyropoulos") that the Commonwealth Defendants violated the Massachusetts Constitution; and

Fifth, remand to the State Court would serve the interests of judicial economy, as the Court cannot exercise over all of Plaintiff's claims.

## II.    Facts and Procedural History.

The Co-Defendant hereby adopts herein by reference the "Facts and Procedural History" outlined by the Commonwealth Defendants in their Remand Motion, except as follows:

The salient language regarding removal of this action in the "Notice of Removal of Action" (hereinafter the "Removal Notice") filed by the Co-Defendant on March 9, 2020 reads as follows:

1. In accordance with the provisions of 28 U.S.C. ss. 1331 and 1441(c)(1)(A)(B), named Defendant, Ara Eresian, Jr. (hereinafter the Defendant" or "Movant") hereby removes the within captioned civil action, No. 19 MISC 000393[1], from the Land Court Dept. of the Trial Court (hereinafter the "State Court") to the United States District Court for the District of Massachusetts – *Central Division*.

2. <u>FURTHER</u>, in accordance with the provisions of 28 U.S.C. s. 1446(a), such removal is premised and thus so effected upon federal question [jurisdiction], in that this action involves one or more claims arising under Amend. 5 to the United States Constitution, as made applicable to the several states by Amend. 14 to the United States Constitution, as to the constitutionality of M.G.L.c. 260, s. 33, *as amended by* St. 2006, c. 63, s. 6 of the Acts and Resolves of the Massachusetts General Court, more commonly known as the "Obsolete Mortgage Statute".

<u>Removal Notice</u>, at pp. 1, 2, paras. 1, 2.

The above quoted language not only implicates the provisions of 28 U.S.C. § 1441(c) as claimed by the Commonwealth Defendants, ***but also*** the provisions of 28 U.S.C. § 1331, which

---

[1]   Which properly should have been cited as "No. 19 MISC 000393 (JSDR)".

provides that [T]he district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States" and 28 U.S.C. § 1446(a) which provides the procedure for removal of *any* civil action [from a state court] to a federal district court.

## II.    **Argument**.

I.    The Removal Notice Plainly Indicates That This Court Has Non-Exclusive, Original Jurisdiction Over Actions Based Upon Federal Question Jurisdiction.

It is well-settled that federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp.* v. *Allapattah Ervs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L.Ed. 502 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *Kokkomen* v. *Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed 2d 391 (1994).

The "burden of establishing subject-matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assoc., LLC* v. *Holibaugh*, 699 F.3d 359, 362 (4th Cir.2010); *accord McBurney* v. *Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Failure to meet this burden shall result in a case being remanded. This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* (9th Cir. 1992). A party must meet this burden by a preponderance of the evidence. See *McPhail* v. *Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence' . . . ."); *Bonandeo* v. *Lujan*, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving 'all jurisdictional facts and of establishing a right to removal.'").

The Removal Notice at bar plainly states that removal of this action was effected pursuant to the provisions of **all three of the following federal statutes**, to wit: Sections 1331, 1441(c)(1)(A)(B) <u>and</u> 1446(a) of Title 28 of the United State Code. <u>Removal Notice</u>, at pp. 1-2.

28 U.S.C. § 1331 provides the district courts with non-exclusive, original jurisdiction over all civil actions based on a federal question, *i.e.,* claims which arise under the Constitution, laws and treaties of the United States. *Tafflin* v. *Levitt*, 493 U.S. 455, 458-460, 110 S.Ct. 792, 107 L.Ed. 2d 867 (1990); *Gulf Offshore* v. *Mobil Oil Corp.*, 453 U.S. 478-489, 101 S.Ct. 2870, 60 L.Ed. 2d 784 (1981).

28 U.S.C. § 1441(c) provides in pertinent part that (1) If a civil action includes— (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute the **entire** action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B). (emphasis supplied.)

28 U.S.C. § 1446(a) provides that a party seeking removal of a matter to federal court shall file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Such notice of removal is proper if filed within thirty days from the date when the case qualifies for federal jurisdiction. See *Caterpillar Inc.* v. *Lewis,* 519 U.S. 61, 68-69, 117 S.Ct. 467, 136 L.Ed. 2d 437 (1996); 28 U.S.C. § 1446(b).

On its face, the Plaintiff's First *Amended* Complaint, which consists of 8-counts,[2] (hereinafter the "Complaint") and seeks under the Massachusetts Declaratory Judgment Act, M.G.L.c. 231A, § 1, *et seq.* and Rule 57 of the Massachusetts Rules of Civil Procedure to "[s]ecure determinations of right, duty, status or other legal relations under ... a statute ... including determination of any question of construction or validity thereof which may be involved in such determination" (*see* M.G.L.c. 231A, § 2) could have in the first instance, and frankly since it contains claims "arising under the Constitution, laws, or treaties of the United States" should have in the first instance been filed in [a] district court, as it is has not only been alleged *inter alia* that the Obsolete Mortgage Statute, M.G.L.c. 260, § 33, *as amended* by St. 2006, c. 63, s. 6 (hereinafter the "OMS") is unconstitutional under the substantive and procedural due process, equal protection, and takings clauses of the 5th Amendment, as applied to the several states by the 14th Amendment to the United States Constitution, but conflicting [state] laws regarding its enforcement which likewise bear upon the constitutionality of the OMS under both federal and state law as aforesaid. 28 U.S.C. § 2201 ("In case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). *See* Complaint, *generally.*

III.   The Co-Defendant Was Not Required To Obtain The Consent Of The Commonwealth Defendants, Or Any Other Defendant, Prior To Removal Of This Action From State Court To Federal Court.

   A.   The "Rule of Unanimity" is Inapplicable To the Case At Bar.

---

[2]   The Plaintiff's complaint was amended as a matter of right by the Plaintiff. *prior to* removal. *Memorandum By Governor Charlie Baker, Senate President Karen E. Spilka, And House Speaker Robert A. DeLeo In Support Of Their Motion To Remand* (hereinafter the "Remand Memorandum").

The Commonwealth Defendants first assert that the Co-Defendant was required to obtain the consent of the Commonwealth Defendants *prior to* removal of this action from State Court to federal [court], that no such consent was obtained, that in any event the Commonwealth Defendants do not provide such consent now, and having failed to comply with what is commonly known as the "Rule of Unanimity", the case must be remanded to State Court. Removal Memorandum, at p. 4.

In support of their contention, the Commonwealth Defendants rely upon *Montana* v. *Abbott Laboratories*, 266 F.Supp. 2d 250, 260-261 (D.Mass 2003). Removal Memorandum, at p. 4. However, in the next breath, the Commonwealth Defendants concede that *Montana* was decided before the enactment of the Federal Courts Jurisdiction and Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011) (hereinafter the "2011 Act") by which they then contend bars this Court from exercising jurisdiction over the claims presented. Remand Memorandum, at p. 4, n.1. See *Thompson* v. *Intel Corp.*, 2012 U.S. Dist. LEXIS 126311, at *12 n.5.

The 2011 Act, which was signed into law by President Obama in December, 2011 was intended to clarify the operation of federal jurisdictional statutes and facilitate the identification of the appropriate state or federal courts in which actions should be brought. Section 103 of the Act makes several changes to removal and remand procedures. 28 U.S.C. § 1446 is amended to cover removal procedures for civil cases only; provisions governing removal of criminal prosecutions having been moved into new 28 U.S.C. § 1455 [Pub. L. No. 112-63, § 103(b), (c), 125 Stat. 758 (2011)]. Section 103 also amends 28 U.S.C. § 1446(b) to provide that, in a multi-defendant case, each defendant will have 30 days from his or her own date of service (or receipt of initial pleading) to seek removal. Earlier-served defendants may join in or consent to removal by a later-served defendant. [Pub. L. No. 112-63, § 103(a), 125 Stat. 758 (2011)]. These provisions are intended to

resolve a circuit split over when the 30-day removal period begins to run in cases in which not all

defendants are served at the same time [see H.R. Rep. No. 112-10, at 13-14 (2011); see, e.g., *Bailey*

v. *Janssen Pharm., Inc.*, 536 F.3d 1202 (11th Cir. 2008) (30-day period runs from date of service

on last-served defendant, and earlier-served defendants may join in last-served defendant's timely

removal); *Marano Enters.* v. *Z-Teca Rests.*, LP, 254 F.3d 753 (8th Cir. 2011) (each defendant has

30 days to effect removal, regardless of when or if other defendants have sought to remove); *Getty*

*Oil Corp.* v. *Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988) (first-served defendant and all then-

served defendants must join in notice of removal within 30 days after service [on first-served

defendant]).

"When a civil action is removed solely under section 1441(a), [the standard removal

statute, which excludes multiparty, multiforum [sic] jurisdiction,]] all defendants who have been

properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §

1446(b)(2)(A). The failure of all defendants to consent to removal will result in remand. The rule

of unanimity applies to all defendants, whether they are required parties under rule 19 or merely

proper parties under rule 20. The defendants who have not been served, however, need not join in

removal. See *Kiro* v. *Moore*, 229 F.R.D. 228, 230-32 (D.N.M. 2005) (Browning, J.).

        B.   <u>Having Deemed The Plaintiff's Claims Against Them "Nominal", The</u>
<u>Commonwealth Defendants Should Be Deemed "Nominal Defendants"</u>
<u>Such That Their Consent To Removal Was Not Required.</u>

Notwithstanding the foregoing, the Commonwealth Defendants appear to want to have it

both ways. On the one hand they assert "[T]hat the claims assessed by the Plaintiff were against

all the defendants, including the Commonwealth Defendants." <u>Removal Memorandum</u>, at p. 5. On

the other hand, they argue that the claims asserted by the Plaintiff "[s]hould be viewed as nominal

only ... regardless of what relief the Plaintiff seeks." Remand Memorandum, at p. 9. Should the latter contention be deemed to have merit, then it naturally follows that the Commonwealth Defendants must be viewed as being "nominal" defendants, such that the assent of each to removal *is not* required.[3]

Whether "nominal" [to conclude, as previously stated, the Co-Defendant removed this case from State Court to this Court pursuant to **all three of the following federal statutes**, to wit: Sections 1331, 1441(c)(1)(A)(B) and 1446(a) of Title 28 of the United State Code. As the 2011 Act applies to an action that has been solely removed pursuant section 1441(a), consent by the Commonwealth Defendants, or any other named defendant or defendants for that matter, *was not* required.

Accordingly, remand under 28 U.S.C. § 1447(c) is unavailable.

## II.   This Court Has Jurisdiction Over All Of The Plaintiff's Claims Asserted Against The Commonwealth Defendants.

The Commonwealth Defendants next claim that because the State Court lacked jurisdiction over the Plaintiff's claims against the Commonwealth Defendants, that this Court likewise lacks such jurisdiction, even in instances where the suit could have been originally commenced in federal court.

---

[3]   *See* 16 MOORE, note 1, § 107.11[1][d], at 107-40.4 to 107-44 (discussing exceptions to rule of unanimity); 14C WRIGHT ET AL., note 2, § 3730, at 468–478 (same). In the typical case, the most important exceptions to the rule are that neither nominal defendants nor fraudulently joined defendants need join in the notice of removal. See Id., at 472–478 (discussing the nominal party and fraudulent joinder exceptions).

To that end, the Commonwealth Defendant cite to authority which holds that (1) only a limited waiver is included for government agencies and officials, and the Commonwealth Defendants have not waived its sovereign immunity under M.G.L.c. 231A, and thus declaratory judgment relief against the Commonwealth Defendants is unavailable; (2) only the Superior Court Dept. of the Trial Court [of the Commonwealth] has jurisdiction to hear such claims; and (3) that the Commonwealth Defendants are immune from the Plaintiff's suit under Article 21 of the Massachusetts Declaration of Rights. Removal Memorandum, at p. 6. Further, the Commonwealth Defendants maintain that upon removal, such defects remain. Removal Memorandum, at p. 7.

The Commonwealth Defendants' reasoning fails for the following two reasons.

First, section 1441(f) provides that "[T]he court to which a civil action is removed under this section *is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.*" (emphasis supplied.)

Second, in the seminal decision of *Ex parte Young*, the United States Supreme Court held that when a state official does something that is unconstitutional, the official cannot possibly be doing it in the name of the state, because the Supremacy Clause of the United States Constitution means that the Constitution overrides all the laws of the states, invalidating any contrary laws. Therefore, when a state official attempts to enforce an unconstitutional law (notwithstanding the import of Article 21 of the Massachusetts Declaration of Rights, a throwback to the concept that the "King can do no wrong") that individual is stripped of his official character. He becomes merely another citizen who can constitutionally be brought before a court by a party seeking injunctive relief.[4] *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 1908 LEXIS 1726

---

[4] Although not expressly requested in his prayers for relief after each count, the Plaintiff does request that this Court grant "such other and further relief as this Honorable Court deems just and appropriate" which,

(1908). Furthermore, the Court recognized that it is appropriate to assert claims against an official in a suit challenging the constitutionality of a state law if, by virtue of her office, that official has "some connection" with the enforcement of the law and is acting on behalf of the state. Id., at 156-157. This theory was recently reaffirmed by the Court in *Armstrong* v. *Exceptional Child Center, Inc.,* 575 U.S. _____, 135 S.Ct. 1378, 191 L.Ed.2d 471 (2015) and thus to this day, the reasoning of *Ex parte Young* , applicable here, in respect to the Supremacy clause and its application remains inviolate.

### III.   The Case Should Not Be Remanded To State Court Simply Because The Complaint Names The Massachusetts Declaratory Judgment Act Instead Of The Federal Declaratory Judgment Act.

#### A.  The Massachusetts Declaratory Judgment Act Is Both Analogous And The Functional Equivalent Of The Federal Declaratory Judgment Act.

Perhaps the weakest of all reasons advanced by the Commonwealth Defendants is their contention that simply because the Plaintiff cites in his Complaint to the Massachusetts Declaratory Judgment Act, M.G.L.c. 231A, § 1, *et seq.*, (hereinafter the "Massachusetts Act") instead of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (hereinafter the "Federal Declaratory Act") that remand is mandated.

Of course, at the time that the Complaint was docketed in the State Court, the Plaintiff could not have reasonably anticipated that the Co-Defendant, or for that matter, any other defendant or defendants might remove this case to this Court. Therefore, citation at the time to the Massachusetts Act only was both appropriate and sufficient. Moreover, while the Massachusetts Declaratory Act and the Federal Declaratory Act each found their evolutionary origins at different

---

arguably, encompasses a request for injunctive relief against the Commonwealth Defendants. Complaint, Counts I-VIII.

times and their application have obviously been applied in different jurisdictional forums, the language employed, including the elements and the relief that each Act was intended to provide are clearly analogous with one another, and thus it can be said with certainty that any difference between the two versions are ones without distinction, the Massachusetts Declaratory Act therefore being the functional equivalent of the Federal Declaratory Act and vice-a versa.[5]

IV.    The Eleventh Amendment Is No Bar To This Court Exercising
       Jurisdiction Over Plaintiff's Claims That The Commonwealth
       Defendants Violated The Massachusetts Constitution.

A.  The Eleventh Amendment Does Not Bar Constitutional Claims Against State Actors.

The Commonwealth Defendants next argue that the Eleventh Amendment bars this Court from exercising jurisdiction over Plaintiff's claims that the Commonwealth Defendants violated the Massachusetts Constitution. Remand Memorandum, at pp. 4-5.

Prior to this case being removed to this Court, the Plaintiff had filed suit directly against the Commonwealth of Massachusetts and RY-CO International, Ltd. (hereinafter "RY-CO"). Remand Motion, at p. 3. Subsequently, and apparently in reaction to the claim on behalf of the Commonwealth of Massachusetts advanced by the Massachusetts Attorney General, Plaintiff filed the Complaint, naming the Commonwealth Defendants, RY-CO, Eresian, and others, but not the Commonwealth of Massachusetts itself. Remand Memorandum, at p. 3; Complaint, at pp. 1, 5-6.

---

[5]  Additionally, should this Court deem the Massachusetts Declaratory Act substantively different from the Federal Declaratory Act, this Court has the discretion to allow the Plaintiff leave to amend the Complaint to substitute reference(s)/citation(s) therein to the Federal Declaratory Act, there being no demonstrable prejudice to the Commonwealth Defendants, or for that matter, any other named defendant or defendants. See Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

Without even attempting to address that aspect of the Plaintiff's claims that contend that *inter alia* the OMS stands in stark conflict with the 5th Amendment to the United States Constitution such that this Court possesses original jurisdiction over such claims[6], in a footnote, the Commonwealth Defendants feebly attempt to parse those "inextricably intertwined" claims by arguing that this Court lacks jurisdiction over such claims as they relate to the Massachusetts Constitution and over the Commonwealth Defendants insofar as the Plaintiff seeks to have this Court instruct State officials on how to conform their conduct to state law. Remand Memorandum, at. p. 4, n. 2. In so doing, the Commonwealth Defendants cite to *Pennhurst State School & Hosp.* v. *Halderman*, 645 U.S. 80, 106, 104 S.Ct. 900, 79 L.Ed. 2d 67 (1984) ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereign immunity that when a federal court instructs state officials on how to conform their conduct to state law."). Id.

But such is not the case here.

Once again, and ostensibly in response to then named [defendant] Commonwealth of Massachusetts' first motion to dismiss docketed on October 22, 2019 in State Court, the Commonwealth [of Massachusetts], through the [Massachusetts] Attorney General, having claimed that relative to Plaintiff's claims it enjoyed sovereign immunity, the Plaintiff amended his initial pleading by which the Commonwealth [of Massachusetts] was dropped as a named party defendant and the Commonwealth Defendants in their official capacity were then joined as party defendants. Complaint, at pp. 1, 5-6. Now in what would appear to be a game of who's on first, or which comes first, the chicken or the egg, the Commonwealth Defendants have now reversed

---

[6] *Governor of Georgia* v. *Madroza*, 26 U.S. (1 Pet.) 110 (1828).

course and now claim that this Court cannot exercise jurisdiction over the Plaintiff's claims that

there is no jurisdiction over the Commonwealth Defendants and the question of whether they have

violated the Massachusetts Constitution, and would therefore have to sever those claims,

notwithstanding the fact that such claims are clearly "inextricably intertwined". Fortunately, *Ex*

*parte Young*, 209 U.S. 123, 28 S.Ct. 441, 1908 U.S. LEXIS 1726 (1908) cuts this Gordian Knot.

Id., (holding that when a state official does something that is unconstitutional, the official cannot

possibly be doing it in the name of the state, because the Supremacy Clause of the Constitution

means that the Constitution overrides all the laws of the states, invalidating any contrary laws.

Therefore, when a state official attempts to enforce an unconstitutional law, that individual is

stripped of his official character. He becomes merely another citizen who can constitutionally be

brought before a court by a party seeking injunctive relief)[7].

> V.   Because The Plaintiff's Claims Are Inextricably Intertwined, This Court
> Should Exercise Its Supplemental Jurisdiction And Keep The Entire
> Case Here.

The final reason advanced by the Commonwealth Defendants (and as briefly touched upon

above) is that even if this Court determines that it has jurisdiction to hear the declaratory judgment

claims alleging violations of the Federal Constitution, it should nonetheless decline to do so. In a

nutshell, the Commonwealth Defendants contend that this Court cannot hear the claims regarding

the constitutionality of the OMS and because the Superior Court Dept. of the Commonwealth can,

it should refrain from deciding some of the issues in this case, which due to the constitutional

claims being the same under both the Federal and Massachusetts Constitutions being identical,

should be decided in a single forum. Remand Memorandum, at pp. 9-10.

---

[7] *See also* n. 4, *supra*.

Having debunked above all of the Commonwealth Defendants' argument relative to the questions of the jurisdiction of this Court over the subject-matter, as well as any other named defendant or defendants, including whether this Court is barred from exercising jurisdiction over the Commonwealth Defendants pursuant to the Eleventh Amendment and under the Federal Declaratory Act, and in light of the holding in *Ex parte Young*, *supra*, the Co-Defendant urges this Court to retain this matter in its entirety by, where necessary, exercising [its] supplemental jurisdiction as codified in 28 U.S.C. 1367(a); *Owen Equipment & Erection Company* v. *Kroger*, 347 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Respectfully submitted,

ARA ERESIAN, JR.,

Ara Eresian, Jr., J.D., PRO SE
P.O. Box 499
Shrewsbury, MA 01545-0499
Tel: (774)-258-0961
Email: alr@townisp.com

Dated: October 26, 2020

15