UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| SPIRO SPYROPOULOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> CHARLIE D. BAKER, IV, in his capacity as the Chief ) <br> Executive Officer of the Commonwealth of Massachusetts; ) <br> KAREN E. SPILKA, in her capacity as the President of ) <br> the Senate of the Massachusetts General Court; ) <br> ROBERT A. DeLEO, in his capacity as the Speaker of the ) <br> House of Representatives of the Massachusetts General ) <br> Court; MELANIE C. ERESIAN a/k/a MELANIE CARA ) <br> ERESIAN; NORSCIT INVESTMENTS, LLC; ARA ) <br> ERESIAN, JR.; and RY-CO INTERNATIONAL, LTD., ) <br> ) <br> Defendants. ) | Civil Action <br> No. 4:20-cv-40025-TSH |

**DEFENDANT, ARA ERESIAN, JR.'S OBJECTION TO REPORT AND RECOMMENDATION.**

[Dkt. # 39]

To the Honorable TIMOTHY S. HILLMAN, District Judge.

In accordance with the Order of the Court, David H. Hennessey, M.J., dated and docketed on January 20, 2021 (Dkt. # 40), as referring to the Report and Recommendation ("R & R"), David H. Hennessey, M.J. ("Magistrate Justice Hennessey") (also) dated and docketed on January 20,

2021 (Dkt. # 39), Defendant, Ara Eresian, Jr. ("Objecting Defendant" or "Eresian") objects to the R & R on the following bases:

I. **In Light Of The *Sui Generis* Nature Of The Obsolete Mortgage Statute Itself, The Rule Of Unanimity Is Inapplicable.**

    A. <u>Because The Obsolete Mortgage Statute Is Deemed "Self-Executing" It Would Appear That There Is No *Per Se* "State Action" Such That The Commonwealth Defendants Can Only Be Characterized As Nominal Defendants.</u>

In Part A of the R & R, Magistrate Justice Hennessey held as follows:

> Here, much like Zarr, Eresian cannot dismiss the interest of the Commonwealth Defendants as "merely incidental" where Spyropoulos seeks to have a Massachusetts law declared unconstitutional. See Libby v. Marshall, 833 F.2d 402, 405 (1st.Cir. 1987) (finding the state is the "real party in interest" where the defendants were sued in their official capacities and "[i]injunctive relief is sought that would require them to exercise their official powers in certain ways.").

R & R, Part A, p. 8.

The Court then went on to further hold, *to the contrary*, as follows:

> As discussed in Part B below, in naming the Commonwealth Defendants, it appears that Spyropoulos has failed to sue the appropriate state officer. However, there is no question that his cause of action requires <u>some</u> state official as a defendant for his recovery. For this reason, and in reliance on the underlying principle that any doubt about the propriety of removal must be resolved against Eresian. Abbot Labs., 266 F.Supp. 2d at 254, <u>I find that Eresian was required to obtain the consent of the Commonwealth Defendants on behalf of the Commonwealth.</u>

[Emphasis supplied and in the original.]

R & R, Part A, p. 8.

2

With all due respect to such reasoning, in light of the enactment of St. 2006, c. 63, s. 6 (the "2006 Amendment") to the Obsolete Mortgage Statute, as codified in M.G.L. 260, s. 33 (the "OMS") on April 13, 2006[1], the holdings in Zarr and Libby with respect thereto are inapposite. The 2006 Amendment to the OMS essentially transformed the statute, which became "self-executing", and thus is *sui generis* in nature. Beginning not long after the effective date of the 2006 Amendment, there have been legions of decisional case authority discussing and ultimately affirming this point, both in this federal judicial district as well as [Massachusetts] state courts which have held that by way of the operation of the 2006 Amendment no action is required on behalf of the mortgagor or any other party having an interest in the mortgaged property,[2] *e.g., Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital, LLC,* 471 Mass. 248, 252, 28 N.E.3d 416 (2015) ("***The amended statute also became self-executing so that any mortgage rendered obsolete by the terms of the statute is discharged without further legal action***") [Emphasis supplied]; *In re Forrest Street, LLC,* 422 B.R. 888, 892 (1st.Cir. BAP (Mass.) 2010) ("It is well to note that the relevant language in [s.] 33 *is essentially self-executing*... At the expiration of [the statutory period the mortgage is deemed discharged as matter of law, if not extended in compliance with the statute") [Emphasis supplied.]; *Thornton v. Thornton,* 97 Mass.App.Ct. 694, 696, 150 N.E.3d 790, *furth app rev den*, 486 Mass.1108, 159 N.E.3d 650 (2020) ("The obsolete mortgage statute sets time periods after which a '***mortgage shall be considered discharged for all purposes without the necessity of further action by the owner of the equity of redemption or any other***

---

[1] *Eff.* October 1, 2006. St. 2006, c. 63, s. 9.

[2] For example, at the virtual January 15, 2021 (remand) hearing the Atty. General on behalf of the Commonwealth Defendants suggested on the record that the Registrar of Deeds (presumably the state officer where the land lies) is the appropriate state officer to sue. (The Atty. General also suggested another officer as well; however, Eresian did not hear the identity of this other officer.). However, again, due to the *sui generis* "self-executing" nature of the OMS, the Registrar of Deeds lacks the inherent power of enforcement of the statute.

*persons having an interest in the mortgaged property.*' G.L.c. 260, [s.] 33. In other words, **the statue acts as a self-executing mechanism** by which to quiet title to older mortgages.") [Emphasis supplied]; *Hayden v. HSBC Bank USA, N.A,, as Trustee for Wells Fargo Asset Securities Corporation Mortgage Asset-Backed Pass Through Certificates Series 2007-PA3*, 956 F.3d 69, 70 (1st.Cir.2020) ("Under Massachusetts's obsolete mortgage statute, a mortgage becomes obsolete and is **automatically discharged** five years after the expiration of the stated term or maturity date of the mortgage.") [Emphasis supplied]; *Nims v. Bank of New York Mellon, trustee*, 97 Mass.App.Ct. 123, 142 N.E.3d 1124 (2020) ("The statute is designed to create a definite point in time at which an old mortgage **will be deemed discharged by operation of law**;"). [Emphasis supplied.]

Given the facts and decisional case authority supporting the *sui generis* "self-executing" nature of the OMS, and for the purposes of the instant Objection and the question on remand on this point, it would appear that there is no *per se* "state action", *i.e.*, overt action that can be taken by a state officer such that it would require the presence in this action of the Commonwealth Defendants in their respective, official capacities.[3] Moreover, nowhere in his complaint does the Plaintiff, Spiro Spyropoulos ("Plaintiff" or "Spyropoulos") expressly seek pecuniary *or* injunctive relief against the Commonwealth Defendants.[4] Nor, as further reasoned in the R & R, Part B, at p. 8, can the Commonwealth Defendants (collectively) be the "real party in interest".[5] (As discussed

---

[3] This does not mean to say that given the facts set forth in Plaintiff's First *Amended* Complaint that there does not exist "state action" that was violative of both the Federal and Massachusetts state constitutions that are not redressable at law or in equity.

[4] However, each count of the Plaintiff's First *Amended* Complaint does contain a generic, catch-all request for relief in the form of "[a]nd for such other and further relief as this Honorable Court deems just and appropriate.". See Plaintiff's First *Amended* Complaint, *generally.*

[5] This begs the unanswered question of whether the Commonwealth of Massachusetts itself can be said to be the "real party in interest"?

4

in Part B below, in naming the Commonwealth Defendants, it appears that Spyropoulos has failed to sue the appropriate state officer.").

Accordingly, the Objecting Defendant urges this Court to not only adopt the foregoing, but go beyond and hold that not only are the Commonwealth Defendants *not* (collectively) the "real party in interest" but given the "self-executing" *sui* generis nature of the OMS that there would appear to be no other appropriate state officer that the Plaintiff could possibly sue to obtain relief. As such, the Commonwealth Defendants must, at this stage of the proceedings, be considered at best nominal defendants to which the Rule of Unanimity, as codified in s. 1441, is inapplicable, the requirement of prior consent of all defendants under 28 U.S.C. s. 1441(c)(2) *not* being required.

## II. Given The Perceived Status Of Each Of the Commonwealth Defendants, The Question Of Eleventh Amendment Immunity Is Moot And Thus Cannot Provide A Basis For Remand.

In the R & R, Magistrate Justice Hennessey has suggested that Spyropoulos has failed to sue the appropriate state officer. R & R, Part C, at p. 12. He appears to reach this conclusion as to [the Commonwealth Defendants] Spilka and DeLeo on the bases that each enjoy legislative immunity and that the separation of powers doctrine affirmatively prohibits each of them from enforcing the OMS. He further reasons that the [Commonwealth Defendant] Baker "maintains sovereign immunity in this Court because there is no evidence that the Governor was directly involved in enforcing the Obsolete Mortgage Statute." R & R, Part B, p. 10.

*Assuming arguendo* for the purposes of this Objection *only* that Magistrate Justice Hennessey is correct, and that the notable exception in Ex Parte Young are inapplicable, and further, putting aside for the moment as argued *supra* that the Commonwealth Defendants are nominal parties and thus it was unnecessary for the Objecting Defendant to secure their (collective)

consent prior to removal, and still further assuming that such a state officer that can be brought into court exists and would be amenable to service of process, the question of Eleventh Amendment immunity is at best for the moment, moot, and thus cannot as a matter of law provide a basis for remand.

Accordingly, the proper resolution of this matter **would not** be remand, but consideration of a motion to dismiss, to which Plaintiff may then appropriately respond by seeking leave to amend his Complaint naming such proper state officer, again, should one be found to exist.[6] *See* Fed. R. Civ. P. 15(a).

### III.   Objection To The Discretionary Reasons Given For Remand.

Finally, the Objecting Defendant turns this Court's attention to the five reasons provided in the R & R for declining to exercise jurisdiction in this matter. They are:

> (1) the scope of the pending state court proceeding and the nature of the defenses open there; (2) whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding; (3) whether necessary parties have been joined; (4) whether all necessary parties are amenable to process in the state proceeding; and (5) the virtue of avoiding "uneconomical" proceedings, "vexatious" proceedings, and "gratuitous interference" by a federal court with an orderly and comprehensive suit pending in a state court, presenting the same issues, not governed by federal law, between the same parties.

R & R, at Part C, pp. 11-12.

First, while on remand the claims to the former state court proceeding *might* be identical they certainly would be treated differently, in that while the federal Declaratory Judgment Act, 28

---

[6] *But See* Argument, Part-I, pp. 2-5, *supra*, as to whether such a state officer even exists.

6

U.S.C. ss. 2201-2202 is only a procedural device, the claims would nevertheless be governed by federal, *not* state law in federal court that is un-mistakenly more attuned to resolving constitutional questions involving the 5th Amend. to the Federal Constitution and application of the Supremacy Clause, Art. VI, cl. 2, as made applicable to the several states by the 14th Amendment. See *Hanna v. Plummer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed. 2d 8 (1985).

Second, while the claims of the parties *may* be adjudicated in the Land Court Dept. of the Trial Court ("State Court")[7] the legion of decisional case authority that have heretofore preceded the instant action in the State Court (and various other state courts) have either ignored or side-stepped the penultimate question of the constitutionality of the OMS under both the Federal and Massachusetts state constitutions. The only case that has even come close to actually addressing this substantive issue is that of the Supreme Judicial Court in the seminal case of *Deutsche Bank Nat'l Trust Co.,* supra, at 258-60, which has been uniformly misinterpreted as having settled the question of the constitutionality of the OMS under [Massachusetts] state law, but under facts quite markedly different than those described in Plaintiff's First *Amended* Complaint. However, in actuality, the Supreme Judicial Court only addressed the constitutionality of the *retroactive* application of the 5 and one-half month limitation period imposed by the [Massachusetts] Legislature that preceded the effective date of the OMS.[8] Id. See also *Gandolfo v. Graham,* at *6, 2010 WL 4054138, Mass.Land Ct., Oct. 8, 2010) ("We inquire only whether the statute falls within the legislative power to enact, not whether it comports with the court's idea of wise or efficient legislation."); *Leibovitch v. Antonellis,* 410 Mass. 568, 576, 578 N.E.2d 978 (1991) (internal

---

[7] At oral argument on January 15, 2021, the Atty. General for the Commonwealth Defendants actually argued that the State Court *could not* entertain the case; that only the Superior Court Dept. of the Trial Court possessed jurisdiction, to which the Objecting Defendant disputes. This is an additional basis for this Court *not* to remand the case [to the State Court].

[8] Ibid., at p. 3, n. 1.

7

quotations omitted). Technically then at its core, the question here *is not* one of remand, but an exception to the mootness doctrine, as the penultimate question presented is one that is capable (in significant part) of repetition, yet evading review, aa a high probability exists that the question will arise yet again in the future, and that it will be adjudicated in a federal, *not* state forum.

Third, accordingly, there would be no advantage in allowing a Massachusetts state court to determine whether one of its own laws passes constitutional muster, and thus serves the interests of comity, as thus far such state courts have, in effect, when presented with such an opportunity consistently failed to do so.

Fourth, under such circumstances it *could not* be said that there would be an economy of resources.

Fifth, as detailed above, the Commonwealth Defendants are, at best, nominal, and given that the Rule of Unanimity is inapplicable [to the Commonwealth Defendants] and further given the suggestion by Magistrate Justice Hennessey that they are not proper parties, no weight should be lent to <u>their</u> preference (as opposed to the Objecting Defendant) that this case be remanded to State Court. And while it is true that Plaintiff brought this action in State Court, due consideration should be given that he *has not* since objected to the case remaining in federal court.

Lastly, as argued *supra,* given the *sui* generis "self-executing" nature of the OMS, it would appear that there is no state officer that could be brought into court, nor would be amenable to process in both federal and state court.

Given these considerations, the case *should not* be remanded.

8

## IV. Conclusion.

For the foregoing reasons, the Objecting Defendant respectfully requests that the instant Objection be SUSTAINED, and for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

ARA ERESIAN, JR.,

_____
Ara Eresian, Jr., J.D., PRO SE
P.O. Box 499
Shrewsbury, MA 01545-0499
Tel: (774)-258-0961
Email: alr@townisp.com

Dated: February 3, 2021

### CERTIFICATE OF SERVICE

I, Ara Eresian, Jr., J.D., hereby certifies that on the __3rd__ day of February, 2021, I served a copy of *Defendant, Ara Eresian, Jr.'s Objection To Report And Recommendation*, via (U.S.) first class mail, postage prepaid, upon the following:

Glen F. Matheson, Esquire
Matheson Law Office
900 Main Street, Suite A
Worcester, MA  01610-5406

9

Kendra A. Kinscherf, Asst. Attorney General
Office of the Massachusetts Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108-1520

_____
Ara Eresian, Jr., J.D.